Aaron W. Baker, OSB # 922220
Email: aaron@awbakerlaw.com
Ashley Bannon Moore, OSB # 113219
Email: ashley@awbakerlaw.com
BAKER LAW PC
1000 SW Broadway, Suite 2300
Portland, OR 97205
Phone: 503/ 234-8800
Fax: 503/ 525-0650

Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **ROBERT BAKER**,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>**GLADSTONE AUTO LLC**<br>**dba TOYOTA OF GLADSTONE,**<br><br>　　　　　　　　Defendant. | Case No. 3:18-cv-00155<br><br>COMPLAINT<br><br>Unlawful Employment Practices<br><br>(ORS 659A.030; 42 U.S.C. 1981;<br>ORS 659A.199; Wrongful Discharge<br>in Violation of Public Policy)<br><br>**DEMAND FOR JURY TRIAL** |

**Nature of the Action**

1.

　　　Plaintiff brings this action for monetary relief, damages, costs, punitive damages and attorney fees for himself to redress injuries done to him by Defendant or officers, employees or agents of said Defendant in contravention of his federally protected rights in violation of the 42 U.S.C. 1981, and his state protected rights in violation of Oregon anti-discrimination laws, ORS 659A.030 and 659A.199.

**Jurisdictional Allegations**

2.

The court has jurisdiction over Plaintiff's federal claims pursuant to 42 U.S.C. § 2000 *et seq.*, 28 U.S.C. §§ 1331, 1343, and supplemental jurisdiction over Plaintiff's state claims pursuant to 42 U.S.C. § 1367 as the state claims arise from the same nucleus of operative facts as the federal claims.

3.

Venue is proper within the District of Oregon, Portland Division, pursuant to 28 U.S.C. § 1391(b) because all or substantially all of the events or omissions giving rise to the claims arose in this judicial district, and on the separate basis that Plaintiff resides in Oregon and Defendant has its Registered Agent is in this judicial district.

**General Factual Allegations**

4.

Defendant is an Oregon corporation with its principal place of business in Gladstone, Oregon.  Defendant conducts regular and sustained business activities in Clackamas County and Multnomah County, Oregon.  Additionally, Defendant's authorized representative's address is in Multnomah County, Oregon.

5.

Plaintiff was and is a resident of Oregon at all material times herein.

6.

Defendant hired Plaintiff on or about March of 2010.

7.

At all material times herein, Plaintiff was supervised by Defendant's employees or agents and Plaintiff relied on the actual or apparent authority of Defendant's employees, supervisors and management for Defendant.  Defendant's management team during Plaintiff's employment included but was not limited to owner Maria Smith, general manager David Elder, general sales manager Rich Steifel, and sales manager Scott Caverhill.

8.

Plaintiff is a Hispanic, Mexican-American male.

9.

Defendant discriminated against Plaintiff by engaging in and/or allowing a continuing course of conduct, including but not limited to, racial discrimination and racial harassment, and retaliated against Plaintiff for reporting and opposing said harassment and discrimination.

10.

Throughout Plaintiff's employment, Defendant's employees, including its management employees, made numerous offensive comments about Hispanics and Mexican-Americans creating a hostile work environment. Plaintiff, and others, reported the offensive comments to management but management failed to address the problem and the offensive comments about Hispanics and Mexican-Americans continued.

11.

During Plaintiff's employment, Defendant's employees, including managers, regularly and continuously engaged in unlawful discrimination and harassment of Plaintiff based on him being a Hispanic and a Mexican-American, including but not limited to the following:

A.    Steifel referred to his Chihuahua dogs as his "Four Mexicans at home."

B.    When giving directions to a restaurant to a Hispanic employee of Mexican national origin, Steifel said, "it's right in front of where you people go to make your car payments," referring to the Reliable Credit office that provide loans to people with poor credit scores. Steifel and Caverhill both laughed at the offensive joke.

C.    During a discussion about UFOs, Caverhill joked to a Hispanic employee and Steifel that there were already a lot of illegal aliens in Woodburn using government benefits. Steifel and Caverhill laughed at Caverhill's offensive joke.

D.   Caverhill called an employee's shirt a "beaner shirt" and jokingly said the employee should wear a bolero with a shirt like that.

E.   Steifel referred to a truck with lowered rims as a "Mexican truck."

F.   Steifel said that when you ask for a Hispanic's I.D. (identification), that's when they run from the dealership.

G.   Steifel would not allow Plaintiff time off work to deal with his son's car, but non-Hispanics were allowed time off to deal with similar issues.

H.   Steifel and Elder treated non-Hispanics more favorably than Plaintiff when issues surrounding which salesperson would be put on a deal would arise.

I.   Steifel said "I be that's not in their name" when referring to a Hispanic's luxury style car.

J.   Steifel said "I bet they didn't use a real social security number" when referring to Hispanic customers.

K.   Steifel said "I hope they have a good 'soc' (social security number)" when referring to Hispanic customers

L.   Steifel said "it looks like they brought the whole tribe again" when referring to Hispanics who brought their families to the dealership.

M.   Steifel said "why don't you bring it up to your homeboy (or "homie")?" to Plaintiff when sending him to talk to another Hispanic employee.

N.   Steifel, and others, asked "are you guys 'vato' (Mexican slang for a man who means business, or a "homie")? to Plaintiff and another Hispanic employee.

O.   Steifel stated, "they probably can't afford the payment anyway" when referring to Hispanic customers.

P.    Numerous other offensive comments about Hispanics and Mexican-Americans were made by Defendant's employees, including its managers which were either witnessed by Plaintiff or brought to Plaintiff's attention during his employment with Defendant.

12.

Often times racial discrimination and harassment occurred in front of other management and nothing was done to stop or curb the discrimination or harassment.

13.

Plaintiff witnessed or was informed of other employees at Defendant who had complained to Steifel and/or Elder to no avail.

14.

On or about June 5, 2016 Plaintiff was involved in a motorcycle accident and sustained injuries.  Those injuries caused Plaintiff to take time off work under family leave.

15.

The discrimination and hostile work environment was taking such a physical and mental toll on Plaintiff that he formally reported and complained to Elder in December of 2017 about the ongoing discrimination and harassment at Defendant.

16.

Nothing was done is response to Plaintiff's reports and complaints.

17.

Plaintiff had no reasonable alternative but to end his employment with Defendant on or about January 2, 2018.

**First Claim For Relief**

**42 U.S.C.  §1981 – Discrimination and Harassment**

18.

Plaintiff realleges paragraphs 1 through 17.

ROBERT BAKER COMPLAINT - 5

19.

Defendant discriminated against Plaintiff in the terms and conditions of his employment, including its creation of and failure to prevent the racially hostile work environment, and terminating Plaintiff on the basis of his race in violation of 42 U.S.C. §1981.

20.

As a result of Defendant's unlawful discrimination, Plaintiff has incurred lost wages and benefits in an amount to be proven at trial.

21.

Plaintiff is entitled to recover his costs and attorney fees pursuant to 42 U.S.C. §1988.

22.

As a direct and proximate result of Defendant's conduct Plaintiff has suffered and will continue to suffer mental stress, humiliation, inconvenience and loss of enjoyment of life all to his non-pecuniary loss in an amount to be determined at trial.

23.

Defendant's conduct was willful, malicious and/or done with reckless indifference to plaintiff's state protected rights. Defendant should be assessed punitive damages in an amount to be determined at trial.

**Second Claim For Relief**

**ORS 659A.030 - Discrimination and Harassment**

24.

Plaintiff realleges paragraphs 1 through 23.

25.

Defendant's creation of, and/or failure to prevent, the racially hostile work environment for Plaintiff constitutes unlawful racial discrimination in violation of ORS 659A.030.

///

///

26.

Plaintiff's constructive discharge was substantially motivated by Plaintiff's harassment and constitute unlawful race discrimination in violation of ORS 659A.030.

27.

As a result of Defendant's unlawful conduct, Plaintiff has incurred and continues to incur lost wages and benefits in an amount to be proven at trial.

28.

As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer mental stress, humiliation, inconvenience and loss of enjoyment of life all to his non-pecuniary loss in an amount to be determined at trial.

29.

Plaintiff is entitled to recover his costs and attorney fees pursuant to 659A.885.

30.

Defendant's conduct was willful, malicious and/or done with reckless indifference to Plaintiff's state protected rights.  Defendant should be assessed punitive damages in an amount to be determined at trial.

### Third Claim For Relief

### ORS 659A.030 – Retaliation

31.

Plaintiff realleges paragraphs 1 through 30.

32.

Defendant discriminated against Plaintiff in the terms and conditions of his employment in substantial motivating part due to Plaintiff's good faith reporting and/or opposition to unlawful employment practices which violated ORS 659A.030.

33.

Plaintiff's constructive discharge was motivated in substantial part due to his reporting and/or opposition to unlawful employment practices violating ORS 659A.030.

///

///

ROBERT BAKER COMPLAINT - 7

34.

Plaintiff realleges his damages as stated in Paragraphs 27 through 30 above.

**Fourth Claim For Relief**

**42 U.S.C. §1981 – Retaliation**

35.

Plaintiff realleges paragraphs 1 through 34.

36.

Defendant discriminated against Plaintiff in the terms and conditions of his employment in substantial motivating part due to Plaintiff's good faith reporting and/or opposition to unlawful employment practices which violated 42 U.S.C. §1981.

37.

Plaintiff's constructive discharge was motivated in substantial part due to his reporting and/or opposition to unlawful employment practices violating 42 U.S.C. §1981.

38.

Plaintiff realleges his damages as stated in Paragraphs 20 through 23 above.

**Fifth Claim For Relief**

**ORS 659A.112 – Disability/Perceived Disability Discrimination**

39.

Plaintiff realleges paragraphs 1 through 38.

40.

At all material times, Plaintiff was a qualified person with a disability as defined by ORS 659A.104.

41.

Defendant knew about Plaintiff's disability at all material times.

42.

Alternatively, Defendant perceived Plaintiff to be disabled and/or Plaintiff had a record of such disability.

///

///

43.

Defendant took adverse employment actions against Plaintiff in violation of his state-protected rights, including Plaintiff's constructive discharge.  Defendant's actions were substantially motivated by Plaintiff's disability/perceived disability and constitutes unlawful disability discrimination in violation of ORS 659A.112.

44.

Plaintiff realleges his damages as set forth in paragraphs 27 through 30 above.

**Sixth Claim For Relief**

**ORS 659A.109 – Disability/Perceived Disability Retaliation**

45.

Plaintiff realleges paragraphs 1 through 44.

46.

Plaintiff, by requesting and taking a medical leave of absence for what he in good faith considered to be a disability, engaged in protected activity under ORS 659A.109.

47.

Defendant engaged in an unlawful employment practice in violation of ORS 659A.109 against Plaintiff in substantial part for engaging in activity protected under ORS 659A.109.

48.

Plaintiff realleges damages as stated in paragraphs 27 through 30 above.

**Seventh Claim For Relief**

**FMLA – Medical Leave Interference, Discrimination or Retaliation**

49.

Plaintiff realleges paragraphs 1 through 48.

50.

At all material times, Plaintiff had been employed by Defendant for 12 months and had performed at least 1,250 hours of service for Defendant during the preceding 12-month period.

51.

At all material times, Plaintiff suffered from a serious health condition.

ROBERT BAKER COMPLAINT - 9

52.

Plaintiff utilized leave that was protected leave under FMLA.

53.

As set forth above, Defendant denied, interfered with, discriminated and/or retaliated against Plaintiff for utilizing protected medical leave.

54.

In perpetrating the above actions, Defendant violated 29 U.S.C. § 2601 *et seq.* causing Plaintiff to suffer damages.

55.

As a result of Defendant's unlawful conduct, Plaintiff has incurred and continues to incur lost wages and benefits in an amount to be proven at trial.  Plaintiff will continue to have lost income and benefits into the future.

56.

In perpetrating the above actions, Defendant acted willfully and with knowledge that its actions were in violation of FMLA or with reckless disregard of whether it was violating FMLA.  As such, Plaintiff is entitled to liquidated damages for Defendant's violation of his FMLA rights in an amount equal to the sum of Plaintiff's lost wages and benefits, plus prejudgment interest thereon pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii).

57.

Plaintiff is entitled to recover his costs and attorney's fees pursuant to 29 U.S.C. § 2617(a)(3).

## Eighth Claim For Relief

## ORS 659A.183 (OFLA) – Discrimination/Retaliation

58.

Plaintiff realleges paragraphs 1 through 57.

59.

At all material times, Plaintiff worked on average at least 25 hours per week.

60.

At all material times, Plaintiff suffered from a serious health condition.

61.

Plaintiff utilized leave that was protected leave under OFLA.

62.

As set forth above, Defendant denied, interfered with, discriminated and/or retaliated against Plaintiff for utilizing and/or attempting to utilize protected medical leave by taking adverse employment actions against Plaintiff, including terminating Plaintiff.

63.

In perpetrating the above actions, Defendant violated ORS 659A.183 causing Plaintiff to suffer damages.

64.

As a result of Defendant's unlawful conduct, Plaintiff has incurred and continues to incur lost wages and benefits in an amount to be proven at trial.

65.

Defendant's conduct was willful, malicious and/or done with reckless indifference to Plaintiff's state protected rights.  Defendant should be assessed punitive damages in an amount to be determined at trial.

### Ninth Claim For Relief

### (Wrongful Discharge in Violation of Public Policy)

66.

Plaintiff realleges paragraphs 1 through 65 above as fully set forth herein.

67.

At all materials times, the public policy of Oregon prohibited an employer from retaliating against an employee for opposing and/or reporting in good faith what Plaintiff believed to be illegal conduct, as well as evidence of violations of federal and/or state laws, rules, or regulations.

68.

This public policy is embodied in the common law, statutes, and regulations of the State of Oregon and the United States including, but not limited to FMLA, ORS 659A.183, ORS 654.010, and 659A.199.

69.

Defendant, acting through its agents and/or employees, violated the above public policies by retaliating against Plaintiff for invoking his state and federal medical leave rights and/or for opposing and/or making good faith complaints about unlawful conduct.

70.

Defendant's discharge of Plaintiff was taken in retaliation for Plaintiff's pursuit and exercise of Plaintiff's rights, which are of important public interest.

71.

Plaintiff realleges damages as stated in paragraphs 27 through 30.

**Tenth Claim For Relief**

**Whistleblower Retaliation – ORS 659A.199**

72.

Plaintiff realleges paragraphs 1 through 71 above as fully set forth herein.

73.

Defendant retaliated against Plaintiff in the terms and conditions of his employment by terminating Plaintiff in substantial part for opposing and/or reporting in good faith what Plaintiff believed to be a violations of federal and/or state laws, rules, or regulations, including, but not limited to ORS 654.010, ORS 654.022, ORS 654.062, and OAR 839-004-0001 et seq.

74.

Plaintiff realleges damages as set forth in paragraphs 27 through 30 above.

///

///

///

**Prayer for Relief**

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1.    For permanent injunctive relief enjoining Defendant, its officers, employees and agents from engaging in any harassment or discrimination based on race or for retaliating against any employee opposing unlawful employment practices;

2.    Economic damages and future losses to be determined at trial;

3.    Non-economic damages to be determined at trial;

4.    Punitive damages in an amount to be determined at trial;

5.    Reasonable costs and attorney fees; and

6.    For such other and further relief as the Court may deem just and equitable.

DATED this 25th day of January, 2018.

BAKER LAW PC


*s/ Aaron W. Baker*

_____
Aaron W. Baker, OSB #922220
Ashley Bannon Moore, OSB #113219
Attorneys for Plaintiff