THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

ROBERT BAKER,

    Plaintiff,

v.

GLADSTONE AUTO, LLC,

    Defendant.

No. 3:18-cv-155-PK

ORDER

**PAPAK, Magistrate Judge:**

Plaintiff Robert Baker brings this employment discrimination action under Oregon law and 42 U.S.C. § 1981 against Defendant Gladstone Auto LLC, dba Toyota of Gladstone. Plaintiff claims that Defendant discriminated against him and harassed him because he is Mexican-American, and retaliated against him for opposing discrimination.

The parties have informally asked this court to address Plaintiff's objections to Defendant's proposed subpoenas seeking documents from Plaintiff's current employer, Ron Tonkin Honda (Ron Tonkin), and from Summit Auto Group (Summit), where Plaintiff worked briefly after leaving Defendant.

**LEGAL STANDARDS**

In *Beaver v. Delicate Palate Bistro, Inc.*, No. 3:17-cv-644-PK, 2017 WL 4011208, at *2

Page -1- ORDER

(D. Or. Sept. 12, 2017), I addressed a similar discovery issue:

> [P]laintiffs have a legitimate privacy interest in the contents of their employment records. *See, e.g., Abu v. Piramco SEA–TAC, Inc.*, Case No. 08-1167, 2009 WL 279036, at *1-2, 2009 U.S. Dist. LEXIS 12626, *4-5 (W.D. Wash. Feb. 5, 2009). . . . [P]ublic policy reasons militate against lightly invading that privacy interest, in that an expectation of privacy in employment records encourages candid employment evaluations and avoids impairment of employee morale. *See, e.g., In re Hawaii Corp.*, 88 F.R.D. 518, 524 (D. Haw. 1980). Nevertheless, the courts of the Ninth Circuit generally allow discovery of employment records notwithstanding such privacy and public policy concerns where the material sought is clearly relevant to claims or defenses at issue and the information contained in the material is not otherwise readily available. *See, e.g., Newell v. County of San Diego*, Case No. 12-CV-1696, 2013 WL 1932915, at *2, 2013 U.S. Dist. LEXIS 66521 *4 (S.D. Cal. May 8, 2013).

## DISCUSSION

Plaintiff asserts that he can provide the documents Defendant seeks in the two subpoenas, thereby avoiding issuing subpoenas to Plaintiff's subsequent employers. Plaintiff argues that "[s]erving subpoenas on these two employers has the practical effect of smearing Plaintiff's name in the industry for filing a lawsuit and creating a chilling effect on future plaintiffs." However, Plaintiff's counsel's suggestion that he himself could obtain personnel files and other records directly from Plaintiff's employers would if anything emphasize that Plaintiff is bringing a lawsuit. As Defendant notes, employers are legally prohibited from discriminating against an employee for bringing a discrimination lawsuit. Defendant also states that the parties have a protective order in place now, ECF No. 12, so documents provided by Summit or Ron Tonkin may not be used or disclosed for any purpose other than this litigation. I conclude that Defendant's proposed subpoenas seek relevant documents, subject to the modifications below, and would not improperly invade Plaintiff's privacy.

Defendant requests Plaintiff's employment applications. Although Plaintiff offers to

provide his applications, I find that Defendant may seek them directly from the employers.

Defendant requests Plaintiff's resumes. Plaintiff states in a Rule 26 disclosure, he notified Defendant that he does not have a resume. Based on Plaintiff's statement, I agree with Plaintiff that Defendant should omit the request for resumes from the subpoenas.

Defendant requests Plaintiff's attendance records. Defendant argues that because Plaintiff took time off with Defendant because of an allegedly serious health condition, his attendance records would show "how often he was able to work" after leaving Defendant. Plaintiff responds that he will provide his attendance records. I conclude that Defendant is entitled to seek these attendance records directly from Plaintiff's employers. *See Tran v. Wells Fargo Bank, N.A.*, 3:15-cv-00979-BR, 2017 WL 1234131, at *3 (D. Or. Jan. 20, 2017) ("Plaintiff's current employment records are relevant to his claims in light of his allegation that Defendant's conduct resulted in 'damage to [Plaintiff's] career' and resulted in his 'lack of confidence in the banking system'").

Defendant requests disciplinary records relating to discrimination claims filed by or against Plaintiff. I find that Defendant may seek such records, but that the subpoena may not request records on discrimination claims specifically, but rather only Plaintiff's disciplinary records, if any. *See id.* (allowing the defendant to seek "performance evaluations, disciplinary records, complaints, and records of complaints involving Plaintiff").

Defendant requests wage and income records for Plaintiff. Plaintiff responds that he has already provided his copies of these records. I find that Defendant may seek these documents directly from Plaintiff's subsequent employers.

Defendant seeks performance evaluation records, arguing that they are relevant to show

"Plaintiff's work qualifications and work-related habits." I agree with Judge Brown's ruling in *Tran*, cited above, that these records are subject to discovery.

Defendant seeks correspondence between Plaintiff and his subsequent employers. Defendant contends that communications between Plaintiff and his subsequent employers "could provide information on why [Plaintiff] left his employment" with Defendant, "the working conditions at [Defendant], and Plaintiff's "mental and physical health leading up to his new employment." Plaintiff responds he can provide responsive documents himself, and that the request is too broad.

I find that this request is too broad, overly burdensome, and likely to lead to the production of irrelevant items. For example, there may be extensive communications such as texts and emails between Plaintiff and his employers concerning pending sales. I conclude that Defendant's request should be limited to only correspondence between Plaintiff and his employers that is contained in Plaintiff's personnel files.

## CONCLUSION

Defendant may issue subpoenas to Summit and Ron Tonkin in accordance with the limits and modifications set by this order.

IT IS SO ORDERED.

Dated this 12th day of June, 2018.

Honorable Paul Papak
United States Magistrate Judge